**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CORTNEY CARLENA KAY GOFF,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE CITY OF TULSA, TIMOTHY MARLER, SERGEANT BROWN, THOMAS BELL, JAMIE KIRBY, AND JILLIAN PHIPPEN,**<br><br>**Defendants.** | ) | **Case No. 25-CV-0693-CVE-CDL** |

**OPINION AND ORDER**

Now before the Court is plaintiff's motion to reconsider (Dkt. # 29). Plaintiff Cortney Carlena Kay Goff asks the Court to reconsider its opinion and order (Dkt. # 27) dismissing plaintiff's claims related to the towing and sale of her vehicle. Plaintiff claims that the Court adopted the City of Tulsa's (the City) post-hoc rationalization for towing her vehicle, and she argues that the police officer who towed her vehicle was "plainly incompetent." Plaintiff also argues that she was denied procedural due process when the City required her to pay fees to obtain her vehicle out of impoundment and failed to provide her a hearing to challenge the sale of her vehicle. Plaintiff asks the Court to vacate its opinion and order and reopen the case or, in the alternative, she requests leave to file an amended complaint.

Plaintiff filed this case alleging claims under 42 U.S.C. § 1983 against numerous Tulsa Police Department (TPD) officers and the City after her car was towed and later sold. TPD Officer Timothy Marler responded to an anonymous complaint of an abandoned vehicle parked on a city street, and plaintiff admits that her vehicle had been parked on a city street for a lengthy period of time. Dkt. # 1, at 7. The vehicle had been damaged in a hit and run accident during a winter storm

while it was parked on the street, and plaintiff claimed that she could not move the vehicle due to a pending accident investigation and insurance claim. Id. Marler marked the vehicle as abandoned and arranged for it to be towed, even though another officer had previously spoken to plaintiff about the matter and declined to tow her vehicle. Id. After the vehicle was towed, plaintiff contacted numerous TPD officers to complain about the towing, and she refused to paying fees to recover her vehicle from impoundment based on her belief the towing was unlawful. Id. at 7-8. Plaintiff claims that her vehicle was sold and that she was denied procedural due process to challenge the sale. Plaintiff sued the City, Marler, and four other TPD officers who allegedly rejected plaintiff's claims that her vehicle was unlawfully towed. Defendants filed motions to dismiss (Dkt. ## 10, 22). The Court determined that the individual defendants were entitled to qualified immunity from suit, and plaintiff failed to allege any facts suggesting that an official policy or custom of the City caused a violation of her constitutional rights. Dkt. # 27. The Court granted the motions to dismiss and entered a judgment of dismissal.

Plaintiff asks the Court to reconsider its opinion and order dismissing her claims. Under Rule 59(e), a party may ask a district court to reconsider a final ruling or judgment when the district court has "misapprehended the facts, a party's position, or the controlling law." Barber ex rel. Barber v. Colo. Dep't of Revenue, 562 F.3d 1222, 1228 (10th Cir. 2009). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original

argument." FDIC v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)). "A Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." Syntroleum Corp. v. Fletcher Int'l, Ltd., 2009 WL 761322 (N.D. Okla. Mar. 19, 2009).

The Court finds no basis to reconsider its decision to dismiss plaintiff's claims. Plaintiff's motion to reconsider merely advances arguments that have already been considered and rejected, and the Court finds no reason to reopen the case for further proceedings. Although plaintiff disagrees with the Court's decision, she has not shown that the Court misapprehended her arguments or failed to consider any aspect of her claims. Plaintiff requests leave to file an amended complaint to provide additional details about her claims, but her complaint, responses to the motions to dismiss, and motion to reconsider have clearly set out her legal claims and theories. The Court will assume that an amended complaint would include additional factual allegations that have appeared in her other filings, but the Court has already considered these additional allegations and determined that these allegations do not suggest that plaintiff's constitutional rights were violated. Plaintiff's request to file an amended complaint is denied, and her motion to reconsider (Dkt. # 29) is denied in its entirety.

**IT IS THEREFORE ORDERED** that plaintiff's motion to reconsider (Dkt. # 29) is **denied**.

**DATED** this 18th day of August, 2026.

Claire V. Eagan

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE